**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

REBECCA L GILBERTSON; LARRY
GILBERTSON, husband and wife,

Plaintiffs - Appellants,

v.

QUINAULT INDIAN NATION,

Defendant - Appellee.

No. 11-35970

D.C. No. 3:11-cv-05380-RJB

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, Senior District Judge, Presiding

Argued and Submitted August 31, 2012
Seattle, Washington

Before: SCHROEDER and GOULD, Circuit Judges, and RAKOFF, Senior District
Judge.[**]

Plaintiffs-Appellants Rebecca Gilbertson and her husband Larry Gilbertson

("Plaintiffs") appeal from the district court's judgment on the pleadings in their

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Jed S. Rakoff, Senior United States District Judge for
the Southern District of New York, sitting by designation.

Title VII action against Defendant-Appellee Quinault Indian Nation ("Defendant"). The district court held that it lacked jurisdiction over Plaintiffs' cause of action for violation of Title VII because of the Defendant's sovereign immunity.

Plaintiffs claim that the Quinault Indian Nation waived its sovereign immunity from suit in federal court by stating in an employee handbook that workers were protected under Title VII. The language of the employee handbook stating that employees are "protected" by Title VII was not a sufficiently clear waiver of sovereign immunity. *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1047 (9th Cir. 2006).

The district court did not err in denying the Plaintiffs' motion for reconsideration that relied on a provision of the Quinault Indian Nation Code. The provision cited by Plaintiffs was enacted in 1998. It could have been brought to the attention of the court through the exercise of reasonable diligence. Even if this were not the case, the plain language of the provision and the context provided by the surrounding provisions of the Code confirm that it is a limited waiver of sovereign immunity for suits in the Quinault Tribal Court, not a waiver of such immunity for all purposes.

**AFFIRMED**.

2